IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIA KARDOSH, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 24-5918 |
| | : | |
| CHESTER COUNTY AND THE | : | |
| MUNICIPALITY OF | : | |
| WEST GOSHEN, *et al.*, | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                         **November 20, 2024**

Plaintiff Julia Kardosh initiated this *pro se* civil action alleging her rights were violated in an ongoing Pennsylvania child dependency matter. Kardosh's Motion to Proceed *In Forma Pauperis*, will be granted due to her demonstrated inability to pay the fees to commence a civil action. The Complaint will be dismissed because it fails to provide fair notice to Defendants of the claims against them, raises claims barred by judicial immunity and the Eleventh Amendment, fails to allege personal involvement by a defendant as required under 42 U.S.C. § 1983, and because the Sixth Amendment claims are inapplicable. Kardosh will be given an opportunity to file an amended complaint if she can correct the deficiencies noted by the Court.

**I.     FACTUAL ALLEGATIONS**[1]

Kardosh's Complaint is lengthy and the claims are difficult to discern due to the rambling nature with which she presents her allegations. *See* Compl. at 4-46. Portions of the Complaint are indecipherable. *Id.* It is clear from her allegations that Kardosh contends that her constitutional rights have been violated in state custody proceedings that have been ongoing since at least 2020

---

[1] The allegations set forth in the Memorandum are taken from Kardosh's Complaint (ECF No. 2). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

when the father of her children initially sought custody, and Kardosh's parents subsequently intervened in the custody matter. *Id.* at 7-11. In August 2023, Kardosh "filed a special relief petition after her children were taken out of the state by Grandparents," which resulted in a series of filings, court orders, and hearings related to the various parties' attempts to alter the then-existing custody arrangement. *See id.* at 11-12. Kardosh further alleges that an "expired instant field drug test that [she] did not consent to" was administered in October 2023 by "probation", a protection from abuse ("PFA") order was issued the following day based, at least in part, on the positive drug screen, and as a result, Kardosh was evicted from her parents' home and lost custody of her two children.[2] *See id.* at 4-6, 11-14. She contends the results of the "instant drug screen" should have been inadmissible. Kardosh has attempted to contest the PFA Order and the custody determination in state court since October 2023, and claims her constitutional rights have been violated numerous times during that process. *See id.* at 14-46.

Kardosh has named as Defendants Chester County and the municipality of West Goshen, and Judges Alita Rovito, Debra Ryan, and "Mincarelli" who are alleged to have presided over various portions of the custody matter. Compl. at 4, 17. Also named as a Defendant is Chris Pawlowski, who Kardosh identifies as "head of adult probation." *Id.* As relief, Kardosh seeks the immediate return of her children, monetary damages, and injunctive relief. *See, e.g., id.* at 5.

## II.   STANDARD OF REVIEW

The Court grants Kardosh leave to proceed *in forma pauperis* because it appears she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether

---

[2] It appears that Kardosh had partial custody of the children prior to the issuance of the PFA Order.

2

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Because Kardosh is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to

3

Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III.  DISCUSSION

Kardosh seeks to assert constitutional claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Local governments and municipalities are considered persons under § 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Additionally, in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

4

Throughout the Complaint, Kardosh alleges her due process rights have been violated. The Fourteenth Amendment's Due Process Clause "prohibits the government from interfering in familial relationships unless the government adheres to the requirements of procedural and substantive due process." *Croft v. Westmoreland Cnty. Children and Youth Servs.*, 103 F.3d 1123, 1125 (3d Cir. 1997). To state a claim under § 1983 for a violation of one's procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The United States Supreme Court has recognized that there is a "fundamental liberty interest of natural parents in the care, custody, and management of their child." *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). However, "this liberty interest in familial integrity is limited by the compelling governmental interest in the protection of children." *Croft*, 103 F.3d at 1125. To state a substantive due process claim in this context, a plaintiff must allege that the defendant's action "shocks the conscience." *Miller v. City of Philadelphia*, 174 F.3d 368, 375 (3d Cir. 1999) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)); *see also Mammaro v. New Jersey Div. of Child Prot. & Permanency*, 814 F.3d 164, 170 (3d Cir. 2016) ("[T]he [Supreme] Court has never found a substantive due process violation when state agencies temporarily remove a child, whatever the circumstances of the removal.").

To the extent Kardosh seeks to assert due process claims based on alleged violations of her rights during state court dependency matters, she has failed to properly plead such claims. Having reviewed Kardosh's submission in its entirety and construing the allegations in the Complaint

liberally, the circumstances of the alleged unconstitutional acts remain unclear. As noted above, the Federal Rules of Civil Procedure require a complaint to describe actions taken by the defendant in relation to the plaintiff's claims in a manner that is not ambiguous or confusing. *Garrett*, 938 F.3d at 93. Although one can discern that Kardosh seeks to claim her constitutional rights were violated throughout the dependency proceedings, the factual basis for Kardosh's claims "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Complaint must articulate actions taken by each defendant in relation to the plaintiff's claims in a manner that is not ambiguous or confusing. *Garrett*, 938 F.3d at 93. "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.*; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Because the facts alleged are confusing and are not clearly tied to the actions or inactions of the identified Defendants, the Complaint fails to provide fair notice of the grounds upon which Kardosh's claims against each named Defendant rest, as required by Rule 8. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits). Accordingly, as pled, Kardosh's Complaint fails to comply with Rule 8.

Regardless, Kardosh's allegations against Defendants Mincarelli, Rovito, and Ryan, who are alleged to have presided in the custody proceedings, cannot proceed because they are barred by judicial immunity. *See* Compl. at 4, 17. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)); *see also Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority" *Capogrosso*, 588 F.3d at 184 (citations omitted). Moreover, "[i]mmunity will not be forfeited because a judge has committed 'grave procedural errors,' or because a judge has conducted a proceeding in an 'informal and ex parte' manner', . . . [or] because the judge's action is 'unfair' or controversial." *Gallas*, 211 F.3d at 769 (citations omitted); *see also Lee v. Gallina Mecca*, No. 22-2871, 2023 WL 5814783, at *4 (3d Cir. Sept. 8, 2023) ("But even accepting Lee's allegations as true, judicial acts that appear to be unfair, malicious, or *ex parte* are not stripped of their judicial immunity). A judge will be subject to liability only "when he has acted 'in the clear absence of all jurisdiction.'" *Id.* (quoting *Stump*, 435 U.S. at 356-57). "Generally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Kardosh's allegations against Judges Mincarelli, Rovito, and Ryan arise from judicial determinations made during a custody matter in the Chester County Court of Common Pleas in which Kardosh is a party. Kardosh has not alleged any facts that would show that Judges Mincarelli, Rovito, and Ryan acted in the absence of jurisdiction. *See, e.g., Mikhail*,

7

991 F. Supp. 2d at 660 (finding judges who presided over protection from abuse, custody, and divorce proceedings were entitled to immunity because acts were taken in judicial capacity and plaintiff did not show an absence of jurisdiction, and immunity applied despite allegations of bad faith and conspiracy). Accordingly, Kardosh's claims against Judges Mincarelli, Rovito, and Ryan will be dismissed with prejudice. *See Allen v. DeBello*, 861 F.3d 433 (3d Cir. 2017).

Additionally, it bears noting that this Court has an obligation to abstain from considering certain types of cases pursuant to the principles of *Younger v. Harris*, 401 U.S. 37 (1971). "To promote comity between the national and state governments," the *Younger* abstention doctrine "requires federal courts to abstain from deciding cases that would interfere with certain ongoing state proceedings." *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77-78 (2013)). When determining whether *Younger* abstention is proper, a court first must examine the underlying state court litigation to determine whether it falls into one of three categories of cases: (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function. *See PDX N., Inc. v. Comm'r New Jersey Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (internal quotations omitted). Child custody proceedings are civil proceedings that fall within the third category and "are a strong candidate for *Younger* abstention." *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 626-28 (E.D. Pa. 2014), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (*per curiam*); *see also Wattie-Bey v. Att'y Gen.'s Off.*, 424 F. App'x 95, 97 (3d Cir. 2011) (*per curiam*) (affirming application of *Younger* abstention doctrine in child custody context); *Smith v. Harrison*, No. 21-5120, 2022 WL 445757, at *4 (E.D. Pa. Feb. 14, 2022) (abstaining under *Younger* from intervening in ongoing child custody proceedings).

At the second stage, the court must consider three factors articulated by the Supreme Court in *Middlesex Cty. Ethics Comm. v. Garden State Bar Assoc.*, 475 U.S. 434, 432 (1982), whether: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity to raise constitutional challenges in the state proceeding. *See Malhan*, 938 F.3d at 462-64. Because Kardosh's Complaint does not comply with the Federal Rules of Civil Procedure, the Court will not address whether *Younger* abstention necessitates that any claims be stayed pending resolution of the state dependency proceedings. However, if Kardosh files an amended complaint, the Court will consider at that time whether *Younger* abstention is appropriate.

There are other problems with Kardosh's Complaint. Kardosh also names "Chester County and the municipality of West Goshen" as a Defendant. This appears to be based on the mistaken belief that the county is responsible for the events that took place in her Pennsylvania state court judicial proceedings. However, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Chester County Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). "[I]ndividual counties cannot be held liable for the actions of state court judges, who are part of the unified state court system." *Andresen v. Pennsylvania*, No. 20-989, 2020 WL 9048845, at *6 (M.D. Pa. Dec. 16, 2020) (internal quotations and citations omitted), *report and recommendation adopted*, No. 20-989, 2021 WL 1174497 (M.D. Pa. Mar. 29, 2021); *see Callahan v. City of Philadelphia*, 207 F.3d 668, 672-74 (3d Cir. 2000) (explaining that judges of the Pennsylvania Court of Common Pleas are part of the unified judicial

9

system subject to the control of the Pennsylvania Supreme Court). "Simply put, one cannot sue a county in federal court for civil rights violations arising out of the conduct of litigation in the county court of common pleas, since the courts are a state agency, and not part of county government." *Andresen*, 2020 WL 9048845, at *6; *see also Scheib v. Pennsylvania*, 612 F. App'x 56, 59 (3d Cir. 2015) (*per curiam*) ("It appears that [plaintiff] named the County as a defendant because she mistakenly believes that the Allegheny County Court of Common Pleas is a County entity. As the District Court correctly noted, however, the court is a Commonwealth—not County—entity. . . . Therefore, [plaintiff's] claims against the Court of Common Pleas are . . . barred by the Eleventh Amendment.").

As the Court noted above, in a § 1983 action the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode*, 845 F.2d at 1207; *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). Kardosh has not clearly explained what Defendant Pawlowski did or did not do with respect to his alleged constitutional harms.[3]

---

[3] Further, to the extent Kardosh brings claims against Pawlowski based on how Pawlowski testified in court, those claims would be barred by absolute witness immunity. *See Carter v. Kane*, 717 F. App'x 105, 109 (3d Cir. 2017) (*per curiam*) (holding that witnesses are absolutely immune from damages liability based on their testimony); *Hughes v. Long*, 242 F.3d 121, 125 (3d Cir. 2001) ("Witnesses, including public officials and private citizens, are immune from civil damages based upon their testimony.") (citing *Briscoe v. LaHue*, 460 U.S. 325, 341, 345-46 (1983)).

10

To the extent Kardosh seeks to assert that her Sixth Amendment rights were violated in the dependency proceedings because she was not afforded counsel, such claim fails because the Sixth Amendment does not apply to civil cases. *Turner v. Rogers*, 564 U.S. 431, 441 (2011). Pennsylvania law provides parents a right to counsel in dependency hearings. *See In re J.S.*, 980 A.2d 117, 122 (Pa. Super. Ct. 2009); 42 Pa. C.S. § 6337 ("[A] party is entitled to representation by legal counsel at all stages of any proceedings under this chapter and if he is without financial resources or otherwise unable to employ counsel, to have the court provide counsel for him."). Nonetheless, Kardosh has not explained how the named Defendants deprived her of whatever right to counsel she may have had.

### IV. CONCLUSION

The Court will grant Kardosh leave to proceed *in forma pauperis* and dismiss her claims against Defendants Mincarelli, Rovito, and Ryan with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim because Defendants have judicial immunity. The remaining claims will be dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure. The Court will deny Kardosh's requests for permission to file electronically through the CM/ECF system. *See* ECF Nos. 4, 5.

An appropriate order follows, which contains additional instructions as to amendment.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.