IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIA KARDOSH, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 24-5918 |
| | : | |
| CHESTER COUNTY AND THE | : | |
| MUNICIPALITY OF | : | |
| WEST GOSHEN, *et al.*, | : | |

**ORDER**

AND NOW, this 20th day of November, 2024, upon consideration of Plaintiff Julia Kardosh's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Complaint (ECF No. 2), and requests for permission to file electronically through the CM/ECF system (ECF Nos. 4, 5), it is hereby ORDERED:

1. Leave to proceed *in forma pauperis* is GRANTED pursuant to 28 U.S.C. § 1915.

2. The Complaint is DEEMED filed.

3. For the reasons in the Court's Memorandum, Kardosh's claims are dismissed as follows:

    a. All claims against Defendants Mincarelli, Rovito, and Ryan are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

    b. All other claims are DISMISSED WITHOUT PREJUDICE for failure to comply with the Federal Rules of Civil Procedure.

4. The Clerk of Court is DIRECTED to TERMINATE Alita Rovito, Debra Ryan, and Mincarelli as Defendants in this case.

5. Kardosh may file an amended complaint by **December 20, 2024**. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying

them in the body of the amended complaint and shall state the basis for Kardosh's claims against each defendant. Kardosh may not again assert claims that have already been dismissed with prejudice. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting her amended complaint, Kardosh should be mindful of the Court's reasons for dismissing the claims in her initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so ORDERED by the Court.

6. The Clerk of Court is DIRECTED to send Kardosh a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Kardosh may use this form to file her amended complaint if she chooses to do so.

7. If Kardosh does not wish to amend her Complaint and instead intends to stand on her Complaint as originally pled, she may file a notice with the Court by **December 20, 2024** stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

8. Kardosh's requests for permission to file electronically through the CM/ECF system (ECF Nos. 4, 5) are DENIED because she has the ability to file (and has been filing) electronically through the Court's EDS system, available through the Court's website.

9. If Kardosh fails to file any response to this Order, the Court will conclude that Kardosh intends to stand on her Complaint and will issue a final order dismissing this case.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).