IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIA KARDOSH, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 24-5918 |
| | : | |
| CHESTER COUNTY, PENNSYLVANIA, | : | |
| | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                                                                       **December 5, 2024**

      Plaintiff Julia Kardosh initiated this action alleging her rights were violated in an ongoing Pennsylvania child dependency matter. Because her claims against Chester County are barred by the Eleventh Amendment and additionally, fail to properly allege municipal liability under 42 U.S.C. § 1983, the Court will dismiss Kardosh's Amended Complaint with prejudice.

**I.**    **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

      In the lengthy initial Complaint, Kardosh alleged her constitutional rights were violated in state custody proceedings that have been ongoing since at least 2020 when the father of her children initially sought custody and Kardosh's parents later intervened. Compl. at 7-11. In August 2023, Kardosh "filed a special relief petition after her children were taken out of the state by Grandparents," which resulted in a series of filings, court orders, and hearings related to the various parties' attempts to alter the then-existing custody arrangement. *See id.* at 11-12. Kardosh alleged that an "expired instant field drug test that [she] did not consent to" was administered in October 2023 by "probation", a protection from abuse ("PFA") order was issued the following day based, at least in part, on the positive drug screen, and as a result, Kardosh was evicted from her

---

[1] The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

parents' home and lost custody of her two children.[2]  *See id.* at 4-6, 11-14.  She asserted results of the "instant drug screen" should have been inadmissible in court.  As set forth in detail in the initial Complaint, Kardosh contested the PFA Order and the custody arrangement on numerous occasions in state court and claimed her constitutional rights were violated during that process.  *See id.* at 14-46.  Kardosh named as Defendants Chester County and the municipality of West Goshen, and Judges Alita Rovito, Debra Ryan, and "Mincarelli" who presided over various portions of the custody matter, as well as Chris Pawlowski, who Kardosh identified as "head of adult probation." *Id.* at 4, 17.  Kardosh requested the immediate return of her children, monetary damages, and injunctive relief.  *See, e.g., id.* at 5.

In a November 20, 2024 Memorandum and Order, the Court granted Kardosh leave to proceed *in forma pauperis*, screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed her claims.  *See* ECF Nos. 6 and 7.  The claims against Defendants Mincarelli, Rovito, and Ryan were dismissed with prejudice based on judicial immunity.  *See* ECF No. 6 at 7-8.  The remaining claims were dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure.  Because the facts alleged were confusing and are not clearly tied to the actions or inactions of the identified Defendants, the Complaint failed to provide fair notice of the grounds upon which Kardosh's claims against each named Defendant rested, as required by Rule 8.  *See id.* at 5-6 (citing *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  Additionally, the Court explained to Kardosh that if she filed an amended complaint, the Court would consider at that time whether abstention pursuant to the principles of *Younger v. Harris*, 401 U.S. 37 (1971), would be appropriate.  *See id.* at 8-9.  Moreover, the Court advised Kardosh that her claims against

---

[2]  It appears that Kardosh had partial custody of the children prior to the issuance of the PFA Order.

2

Chester County appeared to be based on the mistaken belief that the county is responsible for the events that took place in her Pennsylvania state court judicial proceedings, and advised Kardosh that her claims against Chester County were barred by the Eleventh Amendment. *See id.* at 9-10. The Court also determined that Kardosh failed to plead plausible claims against Defendant Pawlowski or a Sixth Amendment claim. *See id.* at 10-11.

Kardosh was given an opportunity to correct the defects in her claims by filing an amended complaint. She filed an Amended Complaint on November 22, 2022. ECF No. 8.

In the Amended Complaint, Kardosh names Chester County as the sole Defendant. Am. Compl. at 1. She now claims her Fourth and Fourteenth Amendment rights were violated when "Chester County unlawfully forced [her] to submit a drug test which she did not agree to be conducted by adult probation and used this unconfirmed instant drug test to remove [her] children and evict [her] from her home." *Id.* According to Kardosh, she "was subjected to an unconfirmed instant drug test by representatives of Chester County,[3] without a valid warrant, reasonable suspicion, or due process" and the results of the test "were used as the sole basis for removing [her] children from [her] custody." *Id.* at 1-2. She further asserts the results of the drug test were used to evict her from her residence and she did not have an opportunity to challenge the accuracy of the results. *Id.* at 2. As alleged, Chester County "failed to implement policies ensuring the reliability of such tests or affording due process protections before using such results in critical proceedings." *Id.*

Kardosh asserts Defendant's actions caused her significant harm and alleges as follows:

---

[3] In the initial Complaint, Kardosh explained "the court administrator" directed her to "go to adult probation" to administer a drug screen on October 5, 2023. *See* Compl. at 13. She claimed she was "threatened by the court that the court would take her children if she did not provide a urine screen in court" and she "overheard the court admin ask adult probation if 'any old drug tests kicking around in the back.'" *Id.*

3

> [T]he court refused to provide a timely trial and had removed [the] children [for] 17 months and refused to accept any of the evidence supporting the fact guys [sic] test was a false positive. This is not a single judge[']s error rather it has been 3 judges who have all determined this test as [sic] admissible and the head of adult probation filing an exhibit if [sic] "test [sic] results. Plaintiff[']s motion to strike this test has also been denied.

*Id.* Based on the foregoing allegations, Kardosh contends the use of "an unconfirmed instant drug test, without probable cause or a warrant" constitutes an unreasonable seizure in violation of her Fourth Amendment rights (Count I), her Fourteenth Amendment Due Process rights were violated because she was not given the opportunity to challenge the test's validity (Count II), and Chester County is liable on a *Monell* theory of liability because it had a policy, practice, or custom of using unreliable drug tests (Count III). *Id.* Kardosh seeks damages and injunctive relief. *Id.* at 3.

## II.   STANDARD OF REVIEW

Because Kardosh has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Kardosh is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.   DISCUSSION

Kardosh again seeks to assert constitutional claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Local governments and municipalities are considered persons under § 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

In the Amended Complaint, Kardosh names Chester County as the sole Defendant. Despite how Kardosh frames her claims, her allegations are based on the mistaken belief that Chester County is responsible for the events that took place in her Pennsylvania state court judicial proceedings. As the Court previously explained to Kardosh in the November 20 Memorandum, she cannot proceed against Chester County on the claims as alleged.

The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Chester County Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). "[I]ndividual counties cannot be held liable for the actions of state court judges, who are part of the unified state court system." *Andresen v. Pennsylvania*, No. 20-989, 2020 WL 9048845, at *6 (M.D. Pa. Dec. 16, 2020) (internal quotations and citations omitted), *report and recommendation adopted*, No. 20-989, 2021 WL 1174497 (M.D. Pa. Mar. 29, 2021); *see Callahan v. City of Philadelphia*, 207 F.3d 668, 672-74 (3d Cir. 2000) (explaining that judges of the Pennsylvania Court of Common Pleas are part of the unified judicial system subject to the control of the Pennsylvania Supreme Court). "Simply put, one cannot sue a county in federal court for civil rights violations arising out of the conduct of litigation in the county court of common pleas, since the courts are a state agency, and not part of county government." *Andresen*, 2020 WL 9048845, at *6; *see also Scheib v. Pennsylvania*, 612 F. App'x 56, 59 (3d Cir. 2015) (*per curiam*) ("It appears that [plaintiff] named the County as a defendant because she mistakenly believes that the Allegheny County Court of Common Pleas is a County entity. As the District Court correctly noted, however, the court is a Commonwealth—not County—entity. . . . Therefore, [plaintiff's] claims against the Court of Common Pleas are . . . barred by the Eleventh Amendment."). Thus, Kardosh's claims against Chester County will be dismissed.[4]

---

[4]   Even if Chester County were an appropriate defendant for Kardosh's claims relating to events that occurred during the child dependency proceedings, her claims are not plausible. Municipal liability cannot be predicated on a *respondeat superior* basis. *Monell*, 463 U.S. at 691. Rather, "under § 1983, local governments are responsible only for 'their *own* illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. City of Cincinnati*, 475 U.S.

IV.     **CONCLUSION**

The Court will dismiss Kardosh's Amended Complaint in its entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Kardosh had two opportunities to allege plausible claims. The Court concludes that a further opportunity to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). An appropriate Order follows. *See* Federal Rule of Civil Procedure 58(a).

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

469, 479 (1986) (emphasis in original). A county may only be sued under § 1983 where its own policies or customs cause constitutional injury. *Monell*, 436 U.S. at 694. While Kardosh alleges "Chester County had a policy, practice, or custom of using unreliable drug tests to make critical decisions affecting parental rights and housing," she has done so in a wholly conclusory manner. Bald allegations of the existence of a policy are not enough to establish the county's liability; there must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *City of Canton v. Harris*, 489 U.S. 378, 386 (1989).

Additionally, it bears noting again that this Court has an obligation to abstain from considering certain types of cases pursuant to the principles of *Younger v. Harris*, 401 U.S. 37 (1971). "To promote comity between the national and state governments," the *Younger* abstention doctrine "requires federal courts to abstain from deciding cases that would interfere with certain ongoing state proceedings." *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77-78 (2013)). Child custody proceedings "are a strong candidate for *Younger* abstention." *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 626-28 (E.D. Pa. 2014), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (*per curiam*); *see also Wattie-Bey v. Att'y Gen.'s Off.*, 424 F. App'x 95, 97 (3d Cir. 2011) (*per curiam*) (affirming application of *Younger* abstention doctrine in child custody context); *Smith v. Harrison*, No. 21-5120, 2022 WL 445757, at *4 (E.D. Pa. Feb. 14, 2022) (abstaining under *Younger* from intervening in ongoing child custody proceedings).

Even if Kardosh had pled a nonconclusory claim against an appropriate defendant, her claims are based on alleged constitutional violations that occurred during the state custody proceedings and a *Younger* abstention analysis would likely require that any claims for money damages be stayed pending resolution of the state dependency proceedings.

7